IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN GROVER, et al.,

      Plaintiffs,

vs.

OCWEN LOAN SERVICING LLC, et al.,

      Defendants.

Case No. 2:11-cv-2370 LKK DAD PS

ORDER SETTING STATUS (PRETRIAL SCHEDULING) CONFERENCE

Plaintiffs, proceeding pro se, commenced this action on September 8, 2011, by filing their complaint and paying the required filing fee. The Clerk has issued a summons. The case has been referred to the undersigned pursuant to Local Rule 302(c)(21).

Good cause appearing, IT IS ORDERED that:

1. A Status (Pretrial Scheduling) Conference is set for **Friday, January 13, 2012, at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27 before the undersigned;

2. Within fourteen (14) days after plaintiffs are served with this order, plaintiffs shall serve upon each defendant one copy of this order, along with a copy of the Notice of Availability of a Magistrate Judge and the related form that were provided to the plaintiffs by the Clerk on September 8, 2011; within five (5) days after serving the required copies on all

defendants, plaintiffs shall file a certificate of service indicating the date and manner of service of the copies on each defendant;

      3. Any party may appear at the Status (Pretrial Scheduling) Conference telephonically <u>if</u> the party pre-arranges such appearance by contacting Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128 <u>at least 48 hours before the Status (Pretrial Scheduling) Conference</u>;

      4. Plaintiffs shall file and serve separate status reports or one joint status report so that the report or reports are received by the Clerk of the Court on or before **December 29, 2011,** and defendants shall file and serve status reports on or before **January 6, 2012**. Each party's status report shall address all of the following matters:

    a.    Progress of service of process;

    b.    Possible joinder of additional parties;

    c.    Possible amendment of the pleadings;

    d.    Jurisdiction and venue;

    e.    Anticipated motions and the scheduling thereof;

    f.    Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

    g.    Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

    h.    Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

    i.    Whether the case is related to any other case, including matters in bankruptcy;

    j.    Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualification by virtue of his so acting, or whether they prefer to have a Settlement Conference before another magistrate judge;

        k.       Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

        l.       Any other matters that may aid in the just and expeditious disposition of this action;

5. Plaintiff are advised that failure to file a timely status report or reports, or failure to appear at the status conference either in person or telephonically, may result in a recommendation that this action be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules. <u>See</u> Local Rules 110 and 183;

6. Plaintiffs are advised that any individual representing himself or herself without an attorney must appear personally or, when appropriate, by telephone and cannot delegate the duty of appearance to any other party appearing without an attorney; in addition, each plaintiff must sign any document submitted for filing on behalf of all plaintiffs. Each individual proceeding pro se is bound by the Federal Rules of Civil Procedure, this court's Local Rules of Practice, and all other applicable law. <u>See</u> Local Rule 183(a); and

7. Plaintiffs are cautioned that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on that defendant within 120 days after the complaint was filed. In order to enable plaintiffs and the court to comply with the time limits specified in Rule 4(m) and Rule 16(b), plaintiffs are strongly encouraged to complete service of process on all defendants within 90 days after the filing of the complaint in this action.

DATED: September 19, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\grover2370.ossc