IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN GROVER, et al.,

    Plaintiffs,   Case No. 2:11-cv-2370 LKK DAD PS

    vs.

OCWEN LOAN SERVICING LLC, et al.,   ORDER AND
FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

    This matter came before the court on December 2, 2011, for hearing of defendants' Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as trustee under a pooling and servicing agreement (erroneously sued as Deutsche Bank National Trust Company) and Barclays Capital Real Estate, Inc., dba Homeq Servicing (erroneously sued as Homeq) motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 22.) Plaintiffs Brian Grover and Corliss Grover, proceeding pro se, appeared on their own behalf. Plaintiff Jesse Warren, also proceeding pro se, appeared telephonically on his own behalf. Attorney W. Michael Loughran appeared on behalf of the moving defendants. Oral argument was heard, and defendants' motion was taken under submission.

/////

BACKGROUND

Plaintiffs commenced this action on September 8, 2011, by filing their original complaint with this court and paying the required filing fee. (Doc. No. 1.) On September 29, 2011, defendants Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, and Barclays Capital Real Estate, Inc., filed a motion to dismiss that complaint. (Doc. No. 9.) Plaintiffs then filed an amended complaint on October 17, 2011. (Doc. No. 17.) On October 20, 2011, defendants' Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, Barclays Capital Real Estate, Inc., filed the motion to dismiss plaintiffs' amended complaint now pending before the court. (Doc. No. 22.) Plaintiffs filed their opposition to defendants' motion to dismiss on November 17, 2011. (Doc. No. 44.)

ANALYSIS

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1] "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

1  is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux
2  v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court
3  cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.
4        The burden of establishing jurisdiction rests upon plaintiff as the party asserting
5  jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)
6  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
7  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
8  within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)
9  (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
10 insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
11 jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
12 "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter
13 jurisdiction . . . and may be dismissed sua sponte before service of process.").
14       District courts have "original jurisdiction of all civil actions arising under the
15 Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "Most federal-question
16 jurisdiction cases are those in which federal law creates a cause of action.  A case may also arise
17 under federal law where 'it appears that some substantial, disputed question of federal law is a
18 necessary element of one of the well-pleaded state claims.'" Wander v. Kaus, 304 F.3d 856, 858
19 (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,
20 463 U.S. 1, 13 (1983)).  The "well-pleaded complaint rule" provides that federal jurisdiction
21 exists only when a federal question is presented on the face of the plaintiff's properly pleaded
22 complaint.  California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).
23       "'Arising under' federal jurisdiction only arises . . . when the federal law does
24 more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l
25 Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere
26 presence of a federal issue does not automatically confer federal-question jurisdiction, and

1  passing references to federal statutes do not create a substantial federal question.  Lippitt v.
2  Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion
3  Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  "When a claim can be supported by alternative and
4  independent theories – one of which is a state law theory and one of which is a federal law theory
5  – federal question jurisdiction does not attach because federal law is not a necessary element of
6  the claim."  Rains, 80 F.3d at 346; see also Lippitt, 340 F.3d at 1043.

7        Here, while plaintiffs' amended complaint makes a few vague, conclusory and
8  passing references to the Uniform Commercial Code, 15 U.S.C. § 1692(g), the Truth in Lending
9  Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"),
10  12 U.S.C. § 2605, *et seq.*, and the Racketeering Influenced and Corrupt Organization Act
11  ("RICO"), 18 U.S.C. § 1961, *et seq.*, it alleges only three causes of action.  Two of those causes
12  of action, the first and third alleged in the amended complaint, specifically allege violations only
13  of the California Code of Civil Procedure.  (Am. Compl. (Doc. No. 17) at 4, 7.)

14        The other cause of action found in plaintiffs' amended complaint, the second
15  cause of action alleged, attempts to allege a "fraudulent conveyance" claim.  (Id. at 6.)  With
16  respect to this claim, plaintiffs do not refer to the Constitution, laws, or treaties of the United
17  States and it does not appear from the facts alleged that a substantial, disputed question of federal
18  law is a necessary element of the claim.  Moreover, it appears clear that an allegation of a
19  fraudulent conveyance is purely a state law claim.  See Cal Fruit Intern., Inc. v. Jeanne Spaich,
20  No. CIV. 04-2494 FCD KJM, 2006 WL 2711664, at *6 (E.D. Cal. Sept. 21, 2006) ("The court
21  must look to state law to determine whether there was a fraudulent conveyance."); see also U.S.
22  v. Verduchi, 434 F.3d 17, 20 (1st Cir. 2006) ("Accordingly, in the present case, the question of
23  whether the Chestnut Street property was fraudulently transferred is a matter of Rhode Island
24  law."); Hyosung (America), Inc. v. Hantle USA, Inc., No. C 10-02160 SBA, 2011 WL 835781, at
25  *2 (N.D. Cal. Mar. 4, 2011) ("The FAC alleges . . . state law causes of action for . . . Common
26  Law Fraudulent Conveyance . . ."); McNeil v. Home Budget Loans, No. CV 09-7588 ODW

1  (AJWx), 2010 WL 1999580, at *5 (C.D. Cal. May 13, 2010) ("Plaintiff also attempts to assert
2  various state law claims, including . . . fraudulent conveyance[.]"). See generally, Mejia v. Reed,
3  31 Cal.4th 657, 664 (2003) (discussing California's Uniform Fraudulent Transfer Act); Fidelity
4  Nat. Title Ins. Co. v. Schroeder, 179 Cal. App.4th 834, 840-43 (2009) (same).
5         Thus, it is clear that none of the three causes of action alleged in plaintiffs'
6  amended complaint are grounded on alleged violations of federal law and that there is no
7  substantial, disputed question of federal law to be resolved in order to determine the merits of
8  any of plaintiffs' claims.  Plaintiffs' amended complaint does not allege any claims over which
9  this court has original jurisdiction, but rather alleges only purely state law claims.
10        A district court may decline to exercise supplemental jurisdiction over state law
11 claims if the district court has dismissed all claims over which it has original jurisdiction. 28
12 U.S.C. § 1367(c)(3).  The court's discretion to decline jurisdiction over state law claims is
13 informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian
14 Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997).  In addition, "[t]he Supreme Court has
15 stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-
16 law claims are eliminated before trial, the balance of factors . . . will point toward declining to
17 exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting
18 Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).  Here, the undersigned will
19 recommend that the assigned district judge decline to exercise supplemental jurisdiction over
20 plaintiff's state law claims.
21        The undersigned has carefully considered whether plaintiffs may further amend
22 their complaint to establish a jurisdictional basis for proceeding in federal court and to state a
23 cognizable federal claim upon which relief could be granted.  "Valid reasons for denying leave to
24 amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
25 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
26 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the nature of the allegations and the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiffs leave to file a second amended complaint.

With respect to the defendants Sutton Funding, LLC, New Century Mortgage, T.D. Service Company, and Ameripath Mortgage, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998). Here, defendants Sutton Funding, LLC, New Century Mortgage, T.D. Service Company, and Ameripath Mortgage, are in a position similar to that of the moving defendants and the claims against all defendants are integrally related and, as discussed above, state only purely state law claims over which this court lacks jurisdiction. Accordingly, dismissal of the entire action is appropriate.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the December 16, 2011, hearing of defendant T.D. Service Company's motion to dismiss and the December 23, 2011, hearing of plaintiffs' motion to record notice of lis pendens are vacated and dropped from the court's law and motion calendar. Those motions may be re-noticed for hearing before the

/////

undersigned in the event that the assigned district judge does not adopt these findings and recommendations recommending dismissal of this action.[2]

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 17, 2011 amended complaint (Doc. No. 17) be dismissed for lack of jurisdiction;

2. The court decline to exercise supplemental jurisdiction over plaintiffs' state law claims;

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\grover2370.mtd

---

[2] The undersigned also notes, however, that it appears plaintiffs' motion to record notice of lis pendens has been rendered moot, as indicated by plaintiffs' representation at the December 2, 2011 hearing on the pending motion to dismiss that a foreclosure sale has already taken place with respect to the property which is the subject of the underlying dispute.